7790

AUG. WRIGHT CO. v. HODGES.

1. PARTNERSHIP.—ON APPEAL FROM MAGISTRATE COURT it is not error for Circuit Court to give judgment against one member of a partnership sued alone for the partnership debt as the demurrer for defect of parties was technical and defendant was not deprived of any defense.

2. EVIDENCE.—Admission of statement by one partner in magistrate court that he had gone into bankruptcy and his composition had been accepted by creditors, is not reversible error, because it is technical and the fact does not seem to have been in dispute.

3. DEPOSITIONS IN MAGISTRATE COURT.—Where it appears on face of proceedings that parties examined by deposition out of magistrate court are nonresidents failure to so show by affidavit is immaterial, nor is it shown here that failure to give notice of application for order was prejudicial.

4. EVIDENCE.—Where admissions by appellant made it unnecessary to introduce B.-L. he cannot complain of their admission without formal proof of execution.

5. BANKRUPTCY.—In an action against one partner for a partnership debt a finding that the other partner had been discharged in bankruptcy, if erroneous, is not prejudicial.

6. APPEAL.—Error cannot be imputed to Circuit Court for not ruling on a point not ruled by magistrate.

7. PARTNERSHIP—BANKRUPTCY.—Where it does not appear whether one partner had been discharged of individual or partnership debts or both, or that he had been discharged at all, no error can be imputed to magistrate in failing to hold that where a partnership has been

dissolved and one partner had assumed the partnership debts and afterwards became a bankrupt, a creditor proving his claim against the partnership thereby elects to treat him as sole debtor and discharges the other partner.

Before WATTS, J., Anderson, ————— 1910.   Affirmed.

Action in magistrate court by Aug. Wright Co. against B. H. Hodges.   From circuit order affirming judgment of Magistrate B. F. Wilson, defendant appeals on following exceptions:

1. "Because his Honor erred in not sustaining the first ground of defendant's appeal, as follows, to wit: 'Because the magistrate erred in not sustaining the demurrer to the complaint as it appears upon the face of the complaint that E. F. Thomas was a necessary party defendant, the alleged account sued on being a partnership liability of Thomas & Hodges.'

2. "Because his Honor erred in not sustaining the second ground of defendant's appeal, as follows, to wit: 'Because the magistrate erred in admitting secondary evidence of the bankruptcy proceedings of E. F. Thomas, over objection of defendant, by allowing witness, Thomas, to testify that he had filed a petition in bankruptcy, and had offered a composition, and that the composition had been accepted by creditors.   It is respectfully submitted that the record of the bankruptcy court was the best evidence.'

3. "Because his Honor erred in not sustaining the third ground of defendant's appeal. as follows, to wit: 'Because the magistrate erred in not suppressing the deposition of witnesses, Wright and Thomas, on motion of defendant, upon the following grounds: (a) No affidavit or other legal evidence before the magistrate that said witnesses were nonresidents.   (b) No notice being given to defendant of the application before the magistrate of the order for the taking of deposition.'

4. "Because his Honor erred in not sustaining the fourth ground of defendant's appeal, as follows, to wit: 'Because the magistrate erred in allowing bills of lading to be introduced in evidence, over objection of defendant, without any proof of execution of said instrument. It is respectfully submitted that before a bill of lading can be introduced in evidence that it must be shown that said instrument was issued by the common carrier, and no evidence here that said carrier ever issued the bills of lading introduced.'

5. "Because his Honor erred in not sustaining the fifth ground of defendant's appeal, as follows, to wit: 'Because the magistrate erred in holding and finding that there was evidence showing that E. F. Thomas had been discharged in bankruptcy.'

6. "Because his Honor erred in not sustaining the sixth ground of defendant's appeal, as follows, to wit: 'Because the magistrate erred in holding and finding that there was evidence showing that the goods, the purchase price of which is the basis of this action, were delivered to defendant. It is submitted that there is no competent evidence showing delivery of said goods to the defendant.'

7. "Because his Honor erred in not sustaining the seventh ground of defendant's appeal, as follows, to wit: 'Because the magistrate erred in not holding that a creditor of a partnership which has dissolved, the continuing partner having assumed the debts of the firm and afterwards become bankrupt, who proves his claim against the separate estate of said bankrupt, thereby elects to treat him as sole debtor, and discharges the other partner.'

8. "Because his Honor erred in not sustaining the eighth ground of defendant's appeal, as follows, to wit: 'Because the magistrate erred under the undisputed and uncontradicted facts in this case in not holding that the plaintiff by filing a claim in bankruptcy against the separate estate of E. F. Thomas and accepting a composition, said E. F. Thomas having assumed all the debts of Thomas & Hodges,

plaintiff having due notice of the dissolution of the firm of Thomas & Hodges and of said assumption of firm debts by E. F. Thomas, elected to treat said E. F. Thomas as plaintiff's sole debtor and released the defendant, B. F. Hodges.'

9. "Because his Honor erred in not sustaining the ninth ground of defendant's appeal, as follows, to wit: 'Because the magistrate erred in not finding a verdict for the defendant, there being no evidence to support a verdict for the plaintiff.'

10. "Because his Honor erred in not holding that where a creditor of a partnership which has dissolved, one of the partners having assumed the debts of the firm and afterwards adjudged bankrupt, who proves his claim against the bankrupt partner's separate estate, thereby elects to treat him as his sole debtor, and discharges the other partner."

*Mr. A. H. Dagnall,* for appellant, cites: *Discharged debtor should be made a party:* Col. on Banky. 304; 2 Rem. on Banky. 1594. *Evidence of adjudication of bankruptcy is the record:* 29 Ark. 307; 2 La. 100; 72 N. C. 195; 3 Pa. St. 269; 30 Ill. App. 445. *Execution of B.-L. must be proved:* 17 Cyc. 425; 58 S. C. 253; 78 S. C. 38. *Creditor attempting to realize from an assuming partner thereby discharges the other:* 9 L. R. A., N. S. 87.

*Mr. Leon L. Rice,* contra, cites: *Plaintiff may proceed against defendant served:* 55 S. C. 535; Code of Proc. 157. *Depositions in magistrate court:* Code 1902, 992. *B.-L. as evidence:* Acts 1910, 695. *Accepting a composition works as a discharge:* Rem. on Banky. 1427, 1424. *And it only discharges him making it:* Code 1902, 2841; 76 S. C. 352; 2 Rem. on Banky. 137-2.

February 27, 1911. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an appeal from an order, affirming judgment rendered by a magistrate.

The following statement appears in the record:

"The plaintiff on February 25th, 1910, brought an action against the defendant in magistrate's court for $87.39, on an account, as will more fully appear from copy of complaint. The defendant demurred on the ground that it appeared upon the face of the complaint, that E. F. Thomas was a proper and necessary party defendant, the account sued on being a joint liability of E. F. Thomas and defendant. The magistrate overruled the demurrer. The defendant for answer denied each and every allegation of the complaint, and for a further defense, alleged that the plaintiff had agreed to release defendant from all liability, looking to defendant's partner for payment, defendant's partner having assumed all debts of the firm of Thomas & Hodges.

"The magistrate found for the plaintiff, for the sum of $87.39. Defendant appealed to the Court of Common Pleas, upon various exceptions, all of which were overruled by his Honor R. C. Watts, and the judgment of the magistrate was affirmed."

The complaint, a copy of which was served on the defendant, was as follows:

"By B. F. Wilson, Esq., magistrate in and for said county of said State.

"To B. H. Hodges, a member of the firm of Thomas & Hodges, Starr, S. C.   •

"Complaint having been made unto me by Aug. Wright Co., a corporation under and by the laws of the State of Virginia, and having its principal place of business at Petersburg, in the State of Virginia, that you, B. H. Hodges, one of the firm of Thomas & Hodges, doing business at Starr, in the county of Anderson, in the State of South Carolina, the other partner having been discharged in bankruptcy, are indebted to it in the sum of eighty-seven and 39-100 ($87.39) on an account, an itemized, verified statement of

which is hereto attached, which you refuse to pay, and from which sum the said Aug. Wright Co., a corporation as aforesaid, asks judgment against the said B. H. Hodges."

The appellant's exceptions will be set out, in the report of the case.

*First Exception.* Section 368 of the Code, relative to an appeal from a judgment rendered by a magistrate, provides that "upon hearing the appeal, the appellate court shall give judgment, according to the justice of the case, without regard to technical errors and defects, which do not affect the merits."

In the first place, even conceding that there was error, it was merely technical, and did not affect the merits of the case. And, in the second place, the ruling was not prejudicial to the appellant, as he was not thereby deprived of the right to rely upon any defense, which he could have interposed, if E. F. Thomas had been joined as a party defendant.

*Second Exception.* This exception cannot be sustained for two reasons: (1) It is technical in its nature, and does not involve the merits; and (2) the facts therein mentioned do not seem to have been in dispute.

*Third Exception.* It appears upon the face of the proceedings, that the witnesses were nonresidents; and it has not been made to appear that the failure to give the notice was prejudicial error.

*Fourth Exception.* Admissions made by the appellant show that it was unnecessary to introduce the bills of lading in evidence to prove the plaintiff's case.

*Fifth Exception.* It was not necessary for the plaintiff to prove that E. F. Thomas had been discharged in order to establish their cause of action against the defendant. Therefore, even if there was error, it was not prejudicial.

*Sixth Exception.* This exception is disposed of, by what was said in considering the fourth exception.

*Seventh Exception.* In the first place, the magistrate was not requested to rule upon the question mentioned in the exception. And, in the second place, it does not appear from the record whether E. F. Thomas filed his petition in bankruptcy, to be discharged from his partnership indebtedness, his individual debts, or from both; or, that he was discharged at all.

*Eighth Exception.* What was said in considering the seventh exception, shows that this exception cannot be sustained.

*Ninth Exception.* By reference to the record it will be seen, that there was ample testimony tending to establish the cause of action alleged in the complaint.

*Tenth Exception.* This exception is also disposed of by what was said in considering the seventh exception.

Appeal dismissed.